**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Bates; Nyna Bates, ) | No. CV 14-750-PHX-JAT |
| Plaintiffs, ) | **ORDER** |
| vs. ) | |
| Wells Fargo Bank, N.A., ) | |
| Defendant. ) | |

**I.   Motion to Dismiss**

Pending before this Court is Defendant's motion to dismiss. Initially this case was filed in superior court on March 24, 2014 seeking an injunction to stop a Trustee's sale of Plaintiffs' residence that was set for either April 4, 2014 or April 18, 2014.[1] On March 25, 2014, the superior court set a hearing on Plaintiff's request for an injunction for April 11, 2014 at 10:00 a.m. On April 10, 2014, Defendant removed this case to federal court.

As the Order at Doc. 6 in this case suggests, this Court is unclear as to the status of the request for injunctive relief. However, the Order required Plaintiffs to file a motion for preliminary injunction in this Court if Plaintiffs sought a preliminary injunction and no such motion has been filed. Therefore, this Court concludes that no request for injunctive relief

---

[1] *See* Doc. 15 at 4 indicating that Defendant recorded two Notices of Trustee's Sale for two different dates.

1 is pending before this Court at this time.

2 Turning to Defendant's motion to dismiss, Defendant makes two main arguments. First, Defendant argues that Plaintiffs' claims in this case are not "ripe" because Defendant has not yet foreclosed the residence. Because Defendant has not withdrawn this motion, the Court is confident the sale has still not occurred despite the fact that there does not appear to be a preliminary injunction in place. Second, Defendant argues that any alleged oral agreement not to foreclose is barred by the statute of frauds.

### A.   Ripeness

Generally, under Arizona law, a borrower waives all claims and defenses relating to his or her mortgage if the borrower does not obtain an injunction to stop the Trustee sale by 5:00 p.m. the day before the sale occurs. A.R.S. § 33-811(C); *Madison v. Groseth*, 279 P.3d 633, 638 ¶15 (Ariz. App. 2012). The waiver provision of A.R.S. § 33-811(C) have been argued to this Court by Wells Fargo on numerous occasions. *See e.g., Kakarala v. Wells Fargo Bank, N.A.*, 2012 WL 1458235, *8; CV 10-0208-TUC-FRZ (D. Ariz. April 27, 2012) (Wells Fargo argued that A.R.S. § 33-811(C) barred Plaintiff's claims); *MacKenzie v. Fed. Nat'l Mort. Assoc; Wells Fargo Home Mortgage, Inc. et al.*, CV 12-8092-PHX-JAT, Doc. 11 at 4 (Wells Fargo argued that A.R.S. § 33-811(C) barred Plaintiff's claims); *McBride v. Wells Fargo Bank, N.A.*, CV 11-2592-PHX-JAT, Doc. 6 at 12 (Wells Fargo argued that A.R.S. § 33-811(C) barred Plaintiff's claims); *Silving v. Wells Fargo Bank, N.A.*, 2012 WL 135989, *2; CV 11-676-PHX-DCG (D. Ariz. January 18, 2012) (Wells Fargo argued that A.R.S. § 33-811(C) barred Plaintiff's claims). This list is by no means exhaustive of the cases Arizona in which Wells Fargo has made this argument.

In this case, however, Wells Fargo seeks to prevent Plaintiffs from ever obtaining the injunction that would prevent the § 811(C) waiver by arguing that until the Trustee's sale occurs, the claims are not ripe. The de facto result of taking Wells Fargo's various litigation positions together would be to grant Wells Fargo, and banks in general, absolute immunity from suits involving the foreclosure process. This Court finds that such a result was not the intent of the Arizona legislature in enacting A.R.S. § 33-811(C). Further, because the

1  Arizona statutes specifically require that Plaintiffs obtain an injunction prior to the Trustee's
2  sale to litigate any claims, the Court finds that the noticing of the sale makes the claims ripe.
3  Accordingly, the motion to dismiss based on ripeness is denied.

### B.  Statute of Frauds

Alternatively, Defendant argues that Plaintiffs' claim that Defendant made a oral promise not to foreclose while the loan was being reviewed for a modification is barred by the statute of frauds. Defendant cites nothing for this proposition. Instead, Defendant cites a case that says any modification of the loan would be subject to the statute of frauds (Doc. 15 at 8, n. 20). The Court does not see how the cited case bears on the timing of the Trustee's Sale/foreclosure. Indeed, if Defendant's argument was correct, all continuances of Trustee's sales would have to be in writing. The Court is aware of no such law. Further, such oral continuances and postponements of the Trustee's sale appear to be common in Arizona. *See e.g. Schrock v. Fed. Nat. Mortg. Ass'n*, 2011 WL 3348227, *1, n. 3 (D. Ariz. August 3, 2011).

Moreover, even if the statute of frauds applied, there are exceptions to the statute of frauds based on promissory estoppel. *Id.* at *7. In the complaint, Plaintiffs allege a claim for promissory estoppel, and on this record the Court cannot determine that such claim fails to state a claim.[2] Further the Court cannot determine whether such a claim, if proven, would overcome the statute of frauds. Accordingly, the motion to dismiss on this basis is denied.

## II.  Jurisdiction

"Inquiring whether the court has jurisdiction is a federal judge's first duty in every case." *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003). In considering the motion to dismiss in this case, the Court also reviewed

---

[2] Defendant argues that this Court should dismiss the promissory estoppel claim because the modification process was completed and there was no promise not to foreclose once the process was completed. Doc. 15 at 5. However, the Complaint alleges that the modification request is on appeal, not completed. On a motion to dismiss, the Court must accept Plaintiffs' version of the facts as true.

- 3 -

Defendant's notice of removal.

In the notice of removal, Defendant claims jurisdiction based on diversity. Doc. 1 at 2. However, Defendant never alleges the citizenship of any party. Instead, Defendant states the following:

> If any question arises as to the propriety of this removal, Defendant requests the opportunity to brief any disputed issues and to present oral argument in support of its position that this case is properly removable. Defendant also reserves the right to supplement this Notice of Removal as appropriate.

Doc. 1 at 4.

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The Court finds that making no allegations in the notice of removal regarding the citizenship of the parties is inadequate for Defendant to carry its burden. Further, the Court discourages any practice in which counsel fails to make a jurisdictional allegation and instead reserves the right to brief the issue only if raised by a party or this Court. Alleging jurisdiction is an affirmative duty on the party invoking this Court's jurisdiction. Accordingly, counsel will be required to supplement the notice of removal to allege federal subject matter jurisdiction.

## III. Conclusion

**IT IS ORDERED** that the motion to dismiss (Doc. 15) is denied.

**IT IS FURTHER ORDERED** that within 7 days of the date of this Order, Defendant shall file a supplement to the notice of removal fully alleging federal subject matter jurisdiction.

DATED this 16th day of June, 2014.

James A. Teilborg
Senior United States District Judge